## OWENS v. JACKSON.

This State has the right to dispose of the swamp and overflowed lands granted to her by the act of Congress, of September 28, 1850, prior to the issuing of a patent from the United States, so as to convey to the patentee a present title as against a trespasser.

The language of the act of Congress conveyed to the State a present interest in the lands. The description of "Swamp and Overflowed Lands" is sufficient to give the State a present *prima facie* right.

The patent is a matter of evidence and description by metes and bounds, and its office is to make the description of the land definite and conclusive, as between the United States and the State.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

A statement of the facts appears in the opinion of the Court.

*S. C. Hastings* for Appellant.

It is submitted for the appellant Owens that the Court erred because the demurrer admits the land to be swamp and over-flowed land; and, as such, granted to the State, by act of Congress of 1850, approved September 28th, which provided that the swamp and overflowed lands "shall be and the same are hereby granted." These are words of present grant.

The Attorney-General of the United States, Mr. Black, has lately decided that, where lands are granted to the State of Iowa to aid in the construction of railroads, upon the selection of the alternate sections, by authority of the State, the fee vests immediately, and the act of Congress operates as a patent, and that a patent from the general government could not add to the title.

The patent under which the appellant holds implies that the State is the owner, and has the right to dispose of the land. No Court has the right to impeach the State's title, nor to presume that the State can act so fraudulently as to make a grant by a patent of a tract of land without some right in the same.

The patent raises a presumption of title.

It is true that this act provides for a patent from the government, and also other acts to be done by officers of the general government. Yet, the character of the lands being fixed as "swamp and overflowed," the title is in the State, so far that the State may control and dispose of them.

The patent to appellant amounts to a contract on the part of the State, that she will claim said land as her own property, and take all the steps necessary to procure a patent from the general government; and that, as between the patentee and any other citizen, the title under the patent shall be sufficient. The statutes provide that subsequently acquired title by a grantor shall enure to the benefit of the grantee. See statute, Wood's Digest,

p. 103, Art. 370, § 33.    The State holds the equity, and the patent purports to convey the land to appellant by fee-simple absolute.

The act of Congress, March 2, 1855, vol. 10 Statutes at Large, recognizes the title of the States in swamp and overflowed lands, disposed of by them prior to their being patented to the States. The first proviso of the first section of this act is, "That in all cases where any State, through its constituted authorities, may have sold or disposed of any part or tract of said land to any individual prior to the entry, sale, or location of the same under the laws of the United States, no patent shall be issued by the President for such part or tract of land until the State, through its constituted authorities, shall release its claim thereto." It is further provided that the State, in such cases, shall return a list of the lands so disposed of within ninety days; and, if not so returned, the States may take other lands.    While this act provides relief to the purchaser, under the general government, it recognizes the superior right of the State to swamp and overflowed land, and applies, with great force, to this case. Here there is no conflict—no pre-emptor or other purchaser from the general government.    The appellant has purchased in good faith from the State.    The only questions to be decided, are: 1. Has a State a right to dispose of swamp and overflowed lands, donated by act of Congress, prior to obtaining a patent therefor? 2. Are the premises in controversy such lands? The first question is answered by the act of 1855, March 2d, and authorities cited. And the second question is admitted by the pleadings, and the facts, and the law.

*Whitman & Wells* for Respondents.
No brief on file.

Burnett, J., delivered the opinion of the Court—Terry, C. J., concurring.

This was an action to recover the possession of land claimed by the plaintiff, under a patent from this State.    The land was sold and patented under the provisions of the act of the Legislature, of April 28th, 1855, entitled "An Act to provide for the sale of the Swamp and Overflowed Land belonging to this State." (Wood's Digest, 517.)    The defendant demurred to the complaint upon the ground that it did not show that the land had been surveyed and patented to this State.    The demurrer was sustained, and the plaintiffs appealed.

The only question necessary to be determined is whether this State had the right to dispose of the swamp and overflowed lands granted to her by the act of Congress, of September 28th, 1850, prior to a patent from the United States, so as to convey to the patentee a present title as against a trespasser.

The first section of the act of Congress provides that "the

People v. Darrach.

swamp and overflowed lands" within the State of Arkansas "shall be, and the same are, hereby granted to said State." By the fourth section, the provisions of the act are extended to other States, in which such lands may be situated.

The language of the act is in the present tense "are granted," and conveyed to the State a present interest in the lands. The lands granted are not described in the act by metes and bounds, but are designated by the description of "swamp and overflowed lands." This description is sufficiently certain to give the State a present prima facie right.

It is true that the second section of the act of Congress makes provision for the issuing of a patent to the State, "and on that patent the fee-simple to said lands shall vest in the State, subject to the disposal of the Legislature thereof."

But this provision does not conflict with the view we have taken. The act of Congress describes the land, not by specific boundaries, but by its quality; and is a present legislative grant of all the public lands within the State, of the quality mentioned. The patent is matter of evidence and description by metes and bounds. The office of the patent is to make the description of the lands definite and conclusive, as between the United States and the State. (Summers v. Dickinson, April Term, 1858.)

Judgment reversed, and the case remanded for further proceedings.